UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VARNADOR SUTTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:18-cv-1573-WTL-DML ) |
| JUVAL SCOTT AND JOHANNA CHRISTIANSEN, | ) ) ) |
| Defendants. | ) |

### ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendants' Joint Motion to Dismiss Plaintiff's Claims with Prejudice, Dkt. No. 7, and the Plaintiff's Objection to Defendants' Joint Notice of Removal, Dkt. No. 9. The motions are fully briefed and the Court, being duly advised, **OVERRULES** the Plaintiff's objection and **GRANTS** the Defendants' motion to dismiss for the reasons set forth below.

### I. FACTS

On May 30, 2017, the Plaintiff filed suit against the Defendants in the United States District Court for the Southern District of Indiana for legal malpractice.[1] Dkt. No. 8-1 at 1. Consistent with his grant of summary judgment, on January 26, 2018, Judge Young entered a final judgment in favor of the Defendants against the Plaintiff. Dkt. No. 8-2. The appeal from that judgment is currently pending before the Seventh Circuit. Dkt. No. 10 at 1.

---

[1] The Court takes judicial notice of the prior proceedings between the parties, *Sutton v. Scott*, No. 1:17-cv-1777-RLY-DML. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (taking judicial notice of "facts readily ascertainable from the public court record and not subject to reasonable dispute").

On April 20, 2018, the Plaintiff filed a substantially similar complaint against the Defendants in Marion County Superior Court. On May 23, 2018, the Defendants removed this case pursuant to 28 U.S.C. §§ 1446 and 1332. Dkt. No. 1. In the Notice of Removal, the Defendants assert that the Court has diversity jurisdiction over this case because there exists complete diversity among the parties and the amount in controversy exceeds $75,000. Dkt. No. 1 at 2-3.

## II. THE PLAINTIFF'S OBJECTION TO REMOVAL

In Plaintiff's own words, the Plaintiff objects to removal:

1. Because of the $5,000,000 amount of Mr. Sutton's complaint the district court does not have jurisdiction to hear this case pursuant to the Federal Tort Claims Act, 28 U.S. Code § 1346 – which limits the district court's jurisdiction to claims not exceeding $10,000 in cases where the United States is defendant, and 28 U.S. Code § 1491 which grants The Court of Federal Claims jurisdiction over claims against the government for monetary relief in excess of $10,000.

2. As [Judge Young] has already determined in [his] January 26, 2018 order stating that the exclusive remedy for Mr. Sutton's complaint is governed by the FTCA, [the Court] should now consider whether the FTCA's jurisdictional limitations set forth in 28 U.S. Code § 1346 apply.

3. Although this matter is currently pending review by the United State Court of Appeals regarding a statute of limitation issue, I expect The Court to determine, as it has on Mr. Sutton's previous action regarding his forfeiture, that "the district is without jurisdiction to entertain Mr. Sutton's claim, claims against the government for monetary relief in excess of $10,000 lies only in the Court of Federal Claims."

4. Lastly, The Supreme Court of the United States in *Gunn v. Minton*, 133 S.Ct. 1059 (2013) granted the states jurisdiction to hear legal malpractice claims.

Dkt. No. 9 at 1-2. These arguments, however, are without merit. Both 28 U.S.C. §§ 1346 and 1491 deal with cases "not sounding in tort" and indeed "[t]he proper forum for federal tort claims is a United States district court." *Sellers v. United States*, 110 Fed. Cl. 62, 66 (Fed. Cl. 2013). Likewise, *Gunn v. Minton*, 568 U.S. 251 (2013), discusses federal question jurisdiction and is

inapplicable to this diversity case. The Notice of Removal established the existence of diversity jurisdiction; accordingly, the Plaintiff's objection is **OVERRULED**.

### III. THE DEFENDANTS' MOTION TO DISMISS

The Defendants ask the Court to dismiss the Plaintiff's complaint because it is barred by *res judicata* as a result of Judge Young's ruling. The preclusive effect of a judgment rendered by a federal court depends on federal, not state, law. *E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1289 n.4 (7th Cir. 1993). Under federal law, a party must meet three requirements to establish *res judicata*: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (internal quotation marks omitted). Here the first two requirements are clearly met, as the Plaintiff is again suing the Defendants for legal malpractice related to their prior representation of him. The Plaintiff only contests the third requirement, arguing that while "[the Plaintiff's] claim is pending before the Seventh Circuit Court of Appeals, the district court's January ruling is not final." Dkt. No. 10 at 1.[2] However, as the Defendants correctly note "the fact that an appeal was lodged does not defeat the finality of the judgment." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist.*, 486 F.3d 279, 284 (7th Cir. 2007). Finding that all the requirements for *res judicata* are met, the Court holds that the Plaintiff's claims are **DISMISSED**.

### IV. CONCLUSION

The Plaintiff's objection to removal is **OVERRULED** and the Defendants' motion to dismiss is **GRANTED**. The Plaintiff is admonished that filing additional suits arising out of the

---

[2] The Plaintiff's remaining arguments are repetitions of the jurisdictional arguments addressed above.

same core of operative facts may result in sanctions under Federal Rule of Civil Procedure 11 or

28 U.S.C. § 1927.

  SO ORDERED:   7/31/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Varnador Sutton**
**3545 N. Capitol Ave.**
**Indianapolis, IN 46208**

Copies to all counsel of record via electronic notification